UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  22-CV-81612-Marra/Reinhart

CARTIGA, LLC.,

                Plaintiff,

vs.

BRISEIDA ROBLES,

                Defendant.

_____/

### REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO ENFORCE THE SETTLEMENT AGREEMENT [ECF No. 13]

On November 28, 2022, the parties to this breach of contract action notified the Court that they had settled their dispute and they filed a Joint Stipulation of Dismissal of Dismissal with Prejudice. ECF No. 11. The stipulation stated that

> pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure [the Parties] hereby stipulate to a dismissal of all of Plaintiff's claims in the action with prejudice. The Parties shall bear their own attorneys' fees, costs, and expenses and ask that the Court retain jurisdiction to enforce the terms of the settlement agreement.

*Id.* The Stipulation attached a proposed final order dismissing the action with prejudice and retaining jurisdiction to enforce the terms of the parties' settlement agreement (ECF No. 11-1), which Judge Marra signed later that day. ECF No. 12.

Thereafter, a dispute arose regarding the terms of the settlement and on February 7, 2023, Plaintiff filed the instant motion to enforce the settlement agreement (ECF No. 13), which Judge Marra referred to me for appropriate

disposition. ECF No. 19. The matter is now ripe and for the reasons stated below, I recommend that the motion be denied.

## DISCUSSION

"A plaintiff may dismiss an action voluntarily without a court order in two circumstances: by filing a notice of dismissal before the opposing party serves an answer or motion for summary judgment, Fed. R. Civ. P. 41(a)(1)(A)(i), or at any time during the litigation by filing a stipulation of dismissal signed by all parties who have appeared, Fed. R. Civ. P. 41(a)(1)(A)(ii)." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1276 (11th Cir. 2012).

"For a district court to retain jurisdiction over a settlement agreement where the parties dismiss the case by filing a stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), either: (1) the district court must issue the order retaining jurisdiction prior to the filing of the stipulation, or (2) the parties must condition the effectiveness of the stipulation on the district court's entry of an order retaining jurisdiction." *AIDS Healthcare Found., Inc. v. Carrel*, No. 1:15-CV-21546-KMW, 2020 WL 13566042, at *3 (S.D. Fla. July 7, 2020) (citing *Anago*, 677 F.3d at 1280), report and recommendation adopted, No. 15-21546-CIV, 2020 WL 13566040 (S.D. Fla. July 30, 2020).

"A stipulation filed pursuant to Rule 41(a)(1)(A)(ii) is self-executing and dismisses the case upon its becoming effective." *Id.* (citing *Anago*, 677 F.3d at 1278). Accordingly, "[t]he stipulation becomes effective upon filing *unless it explicitly conditions its effectiveness* on a subsequent occurrence." *Id.* (emphasis added). *See*

*also Cohen v. NCL (Bahamas) Ltd.*, No. 16-23104-CIV, 2017 WL 3773702, at *1 (S.D. Fla. May 31, 2017) (for a court to retain jurisdiction, "the stipulation of dismissal must include the following sentence: 'The effectiveness of this stipulation of dismissal is conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of the parties' settlement agreement.' This sentence is necessary because a stipulation of dismissal is otherwise self-executing and deprives the Court of jurisdiction to do anything further.").

When contemplating the dismissal of a lawsuit, counsel must proceed with caution because "the entering of a stipulation of dismissal . . . has a stark effect on the Court's jurisdiction." *Equal Emp. Opportunity Comm'n v. Abraham Chevrolet-Miami, Inc.*, No. 17-23550-CIV, 2018 WL 11447653, at *3 (S.D. Fla. Aug. 17, 2018). Here, the parties' stipulation of dismissal did not condition its effectiveness upon Judge Marra retaining jurisdiction, so the dismissal became effective upon filing and the Court's jurisdiction came to an end. Given that the parties' stipulation of dismissal stripped the Court of jurisdiction, it is precluded from considering their subsequent disputes and therefore, Plaintiff's motion should be denied.[1]

## REPORT AND RECOMMENDATION

Accordingly, I **RECOMMEND** that Plaintiff's Motion to Enforce the Settlement Agreement (ECF No. 13) be **DENIED.**

---

[1] Likewise, Plaintiff's recently filed motion for discovery (ECF No. 21) should also be denied.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Kenneth A. Marra, United States Senior District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 30th day of March 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE